**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JOEL BALUKA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-3540 (UNA) |
| | ) | |
| MURIEL BOWSER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the application and, for the reasons stated below, will dismiss the complaint.

Federal Rule of Civil Procedure 8(a) requires a complaint to "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) further requires that "[e]ach allegation must be simple, concise, and direct." "Taken together," these requirements "underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (quoting *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996)). That clarity is necessary to "give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)), so that they may prepare an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Even bearing in mind the more forgiving standards applied to *pro se* filings, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), plaintiff's complaint utterly fails to meet Rule 8's minimal pleading standard.

The complaint is rambling, disorganized, and generally incomprehensible. Plaintiff allegedly has sustained physical assaults and threats, and he continues to suffer the consequences of chips having been inserted into his body. There are few factual allegations, however, and what factual allegations there are, taken together, are not sufficient to put defendants on notice of the claims against them. The Court will dismiss the complaint *sua sponte* without prejudice. *See Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) ("When a complaint fails to comply" with Rule 8's requirements, "the district court has the power, on motion or *sua sponte*, to dismiss the complaint," especially in "cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." (internal quotation marks omitted)).

An Order is issued separately.

DATE: December 5, 2022                    /s/
                                         AMY BERMAN JACKSON
                                         United States District Judge